THE FARMERS AND MECHANICS NATIONAL BANK OF WOODBURY, N. J., DEFENDANT IN ERROR, v. THE TOWNSHIP OF FRANKLIN, IN THE COUNTY OF GLOUCESTER, PLAINTIFF IN ERROR.

Submitted July 8, 1912—Decided November 18, 1912.

Where a township committee borrows money under the provisions of section 81 of the Township law of 1899 (*Pamph. L.*, p. 372), providing that it may do so in anticipation of the collection of any sum or sums voted or granted for township purposes not exceeding the amount voted, it is not necessary for the resolution upon which the committee borrows to state that the money is borrowed in anticipation of the collection of such sums as are voted for township purposes.

On error to the Supreme Court.

For the defendant in error, *David O. Watkins.*

For the plaintiff in error, *Harvey F. Carr.*

The opinion of the court was delivered by

TREACY, J. This action is based upon six promissory notes made by the township of Franklin to the plaintiff, aggregating the sum of $4,564.11. The dates and amounts of these notes are respectively as follows: July 1st, 1907, $500; February 4th, 1908, $500; June 1st, 1908, $700; February 1st, 1909, $1,364.11; June 7, 1909, $500; May 5th, 1910, $1,000. The case was tried without a jury, and the court sitting as a jury directed a verdict for the plaintiff for the entire amount of its claim. This action of the trial court is challenged on the present writ of error.

The plaintiff contends that the resolution of the township committee, providing for the borrowing of the money, did not state that the moneys were borrowed in anticipation of the collection of taxes for the then current year, and that therefore the township is not liable. In support of this conten-

tion we are referred to the case of *Hackettstown* v. *Swack-hamer*, 8 *Vroom* 191. That case held that municipal corporations, in the absence of a specific grant of power, do not, in general, possess the capacity to borrow money. This was prior to the passage of the Township act of 1899. Section 81 of that act provides as follows: "The township committee may borrow money from time to time in anticipation of the collection of any sum or sums voted or granted for township purposes not exceeding the amount voted and may secure the payment thereof, with interest, by notes of the township, which shall not, with all renewals thereof, run for a longer period than one year." By this act the township is enabled to borrow money in anticipation of the collection of taxes or other moneys necessary for township purposes, a power that was lacking when the case of Hackettstown *v.* Swackhamer was decided. It was upon the want of this power in the township that that case was decided.

In the present case it is indisputable that the notes were given for moneys borrowed for township purposes and used for those purposes, principally for the construction of roads and in anticipation of collecting the money. The delay in the payment of the notes was shown by the testimony of the plaintiff's cashier to be the fault of the defendant. The cashier had demanded, each year, the payment of the amounts due and was told it would be attended to as soon as the money was collected. Even if the right to incur the indebtedness were limited to one year, and the debt must be paid out of the revenues for the year, the failure of the township officers to pay cannot discharge the debt. *Ford* v. *Washington,* 42 *Vroom* 49, 52.

It will be presumed that the township committee acted properly unless there is evidence tending to show the illegality or impropriety of its action. There is no evidence of that kind in this case. On the contrary, everything appears to have been done in accordance with the law. The township appropriations were made in the years in which the moneys were borrowed. The township did not exceed its borrowing capacity.

It was not necessary that the resolution upon which the moneys were borrowed should state that they were borrowed in anticipation of taxes. If the moneys were in fact borrowed in anticipation of sums voted to be raised for the current year, the township is bound to pay the same.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 14.

*For reversal*—None.